UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MYRON HARGREAVES, CORTNEY HALVORSEN, BONNIE FREEMAN, and all others similarly situated,<br><br>                       Plaintiffs,<br><br>     v.<br><br>ASSOCIATED CREDIT SERVICES, INC., a Washington corporation, and PAUL J. WASSON AND MONICA WASSON, individually and the marital community,<br><br>                       Defendants. | NO: 2:16-CV-0103-TOR<br><br>ORDER DENYING MOTION FOR CLASS CERTIFICATION WITH LEAVE TO RENEW |

BEFORE THE COURT is Plaintiffs' Motion for Class Certification. ECF No. 27. This motion was heard with oral argument on May 18, 2017. Kirk D. Miller appeared on behalf of the Plaintiffs. J. Gregory Lockwood appeared on behalf of Defendant Associated Credit Services, Inc. Molly M. Moffett and Kevin J. Curtis appeared on behalf of Defendants Paul J. Wasson and Monica Wasson.

ORDER DENYING CLASS CERTIFICATION WITH LEAVE TO RENEW ~ 1

The Court has reviewed the briefing and supplemental authority, the record and files herein, and is fully informed.

## BACKGROUND

### A. Procedural History

On April 1, 2016, Plaintiff Myron Hargreaves filed a putative class action against Defendant Associated Credit Services, Inc. ("Associated") asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Washington Consumer Protection Act ("WCPA"), RCW § 19.86.010 *et seq.*; and the Washington Collection Agency Act ("WCAA"), RCW § 19.16.100. *See* ECF No. 1.

On November 16, 2016, Plaintiff, along with Cortney Halvorsen and Bonnie Freeman (collectively, "Plaintiffs"), filed a First Amended Complaint adding Defendants Paul J. Wasson and Jane Doe Wasson (now known as Monica Wasson). ECF No. 14. Plaintiffs allege that judgment creditor, Associated, and its attorney, Defendant Paul J. Wasson ("Wasson"), misrepresented information in writs of garnishment, which allowed Defendants to unlawfully garnish Plaintiffs' exempt property in violation of the FDCPA. ECF No. 14 at ¶ 7.13. Plaintiffs contend that Defendants' conduct also violates the WCAA and the WCPA. *Id.* at 18. Plaintiffs assert that a violation of the provisions of the FDCPA and the WCAA are *per se* violations of the WCPA. ECF Nos. 14 at ¶ 8.20; 38 at 10.

On November 18, 2016, the Court entered a Jury Trial Scheduling Order, commencing discovery and setting the deadline for moving for class certification no later than April 10, 2017.  ECF No. 16 at 2.  Defendants Paul J. Wasson and Monica Wasson (collectively, "Wasson Defendants") filed their Answer to the First Amended Complaint on February 22, 2017[1], and Defendant Associated filed its Answer on March 3, 2017.  ECF Nos. 23, 24.  Plaintiffs then moved to extend the class certification deadline by sixty (60) days.  ECF Nos. 26 - 27.  On April 7, 2017, the Court denied Plaintiffs' request.  ECF No. 31.  The discovery cut-off in this action is October 10, 2017; Plaintiffs stated at oral argument that no discovery has occurred.

**B. Class Certification**

Plaintiffs move to certify a class and assert that class certification is appropriate for all claims stemming from Defendant Associated's and Defendant Wassons' alleged conduct in violation of the FDCPA and the WCPA by:  (1) falsely asserting that judgment debtor assets are not exempt; (2) unlawfully garnishing property and collecting fees based on falsely certified writ applications; (3) making false, deceptive, and misleading statements to consumers about

---

[1]     The Clerk will be directed to amend the docket to reflect Monica Wasson's true name, rather than Jane Doe Wasson.

exemption rights; and (4) unlawfully profiting to the detriment of putative class members.  ECF No. 32 at 4.

### 1.  Proposed Class Definition

Plaintiffs proposed in their briefing and at oral argument that the Court certify the following classes and subclasses:

**CLASS A ("FDCPA Class"):**  All individuals who were (1) judgment debtors in a Washington action filed by Defendant Associated to collect unpaid consumer debt; (2) subject to an application for a writ of garnishment signed by Defendant Wasson (as a representative of Defendant Associated), in which he certified that Defendant Associated had reason to believe that the property being garnished was not exempt; (3) where the claims arose from Defendant Associated's conduct that occurred between April 1, 2015 to April 1, 2016; and (4) where, after issuing a writ of garnishment, the class member received a "Notice of Garnishment and Your Rights" form from Defendant Associated stating substantially in part:

> **OTHER EXEMPTIONS**: If the garnishee holds other property of yours, some or all of it may be exempt under RCW 6.15.010, a Washington statute that exempts up to five hundred dollars ($500) of property of your choice (including up to two hundred dollars ($200) in cash or any bank account) and certain other property such as household furnishings, tools of the trade, any motor vehicle (all limited by differing dollar values).

**A.1 ("FDCPA Subclass"):** All individuals in Class A who *also* had exempt property garnished by Defendants.

**CLASS B ("WCPA Class"):** All individuals, businesses, or corporations who were (1) judgment debtors in a Washington action filed by Defendant Associated; (2) subject to an application for a writ of garnishment signed by Defendant Wasson (as a representative of Defendant Associated), in which he certified that Defendant Associated had reason to believe that the property being garnished was not exempt; (3) where the claims arose from Defendant Associated's conduct that occurred between April 1, 2012 to April 1, 2016; and (4) where, after issuing a writ of garnishment, the class member received a "Notice of Garnishment and Your Rights" form from Defendant Associated stating substantially in part:

> **OTHER EXEMPTIONS**: If the garnishee holds other property of yours, some or all of it may be exempt under RCW 6.15.010, a Washington statute that exempts up to five hundred dollars ($500) of property of your choice (including up to two hundred dollars ($200) in cash or any bank account) and certain other property such as household furnishings, tools of the trade, any motor vehicle (all limited by differing dollar values).

**B.1 ("WCPA Subclass"):** All individuals, businesses, or corporations in Class B who *also* had exempt property garnished by Defendants.

*See* ECF No. 32 at 4-5; 38 at 6-7.

Defendant Associated opposes class certification because the putative class lacks proof to substantiate the numerosity requirement, because state-approved forms cannot form a basis for class certification, and because Plaintiffs' debts are not subject to the FDCPA. ECF No. 34 at 2-8. The Wasson Defendants also oppose class certification on the grounds that some of the putative class members lack standing; the class is not sufficiently ascertainable, overly broad, and constitutes an improper "fail-safe" class; and some of the claims are time-barred and beyond the scope of the FDCPA and WCPA. *See* ECF No. 36. Moreover, the Wasson Defendants argue that numerous individualized issues predominate over any common issues and Plaintiffs fail to satisfy the superiority requirement. *Id.*

For the reasons discussed below, the Court denies class certification at this time.

## FACTS

The material facts are disputed, but the Court must accept as true the substantive allegations of the class claim. *See Blackie v. Barrack,* 524 F.2d 891, 901 n.17 (9th Cir. 1975).

Plaintiffs represent a putative class consisting of similarly situated Washington judgment debtors who were subject to unlawful property garnishment by a collection agency, Defendant Associated, through its attorney, Defendant Wasson. ECF No. 14 at 2. All available funds were garnished from Plaintiffs'

respective bank accounts to repay consumer debts, pursuant to a writ of garnishment filed by Defendant Associated.  *See id.* at 4-14.  Defendant Wasson executed declarations on behalf of Associated in support of each writ application and asserted that Associated had "reason to believe" that Plaintiffs' property "was not exempt under Washington or federal law."  *Id.* at 2.  Plaintiffs contend that Defendant Wasson is the equivalent of a "robo-signer" who signs numerous writ applications without any reason to believe the veracity of the statements he makes.  *Id.* at ¶¶ 4.27-4.28, 7.9, 7.11.  Defendants sent notices of exemption rights to Plaintiffs post-garnishment that contained materially false and misleading information concerning Plaintiffs' respective cash exemption rights.  *Id.* at ¶¶ 4.30, 5.12, 6.19-6.20.  After Plaintiffs Cortney Halvorsen and Bonnie Freeman confronted Defendants in response to the erroneous exemption claim notice, Defendants released their respective writs of garnishment and paid back some or all of the garnished money.  *Id.* at ¶¶ 5.14, 6.22.

Plaintiffs now move to certify the putative class action with respect to the FDCPA and WCPA claims against Defendants, as a result of Defendants' unfair and deceptive practices.  ECF No. 32; *see also* ECF No. 14 at 2.

## DISCUSSION

"District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound

discretion of the trial court.'"  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 209 (9th Cir. 1975).  Indeed, "[t]he propriety of a class action cannot be determined in some cases without discovery." *Kamm,* 509 F.2d at 210.

Certification of a class action lawsuit is governed by Rule 23 of the Federal Rules of Civil Procedure.  Pursuant to Rule 23(a), the party seeking class certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).

Provided that proposed class satisfies the above criteria, courts must further determine whether certification is appropriate under Rule 23(b).  Where a party seeks certification of a so-called "damages class" under Rule 23(b)(3), as here, he or she must demonstrate that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  As the party moving for certification, the plaintiff bears the burden of establishing that the foregoing

requirements have been satisfied. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

A court presented with a class certification motion must perform a "rigorous analysis" to determine whether each of these prerequisites has been satisfied. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing that a district court "must" consider the merits of a plaintiff's claim to the extent that they overlap with the prerequisites for class certification under Rule 23(a)). That is, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart*, 564 U.S. at 350.

Here, Plaintiffs have moved to certify a class pursuing two separate claims for statutory damages: (1) violation of the FDCPA; and (2) violation of the Washington Consumer Protection Act. ECF No. 32 at 4.

**A. Rule 23(a) Prerequisites**

**1. *Numerosity***

Rule 23(a)(1) provides that a proposed class must be "so numerous that

joiner of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Whether joinder would be impracticable depends on the facts and circumstances of each case and does not, as a matter of law, require any specific minimum number of class members." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998). In general, however, a class consisting of 40 or more members is presumed to be sufficiently numerous. *In re Washington Mut. Mortgage-Backed Secs. Litig.*, 276 F.R.D. 658, 665 (W.D. Wash. 2011). Conversely, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980).

Here, Plaintiffs suggest that the proposed class consists of at least 100 Washington residents. ECF Nos. 32 at 10; 14 at ¶ 8.16. Plaintiffs also speculate that because Defendants utilize standardized forms, it "makes it more likely that thousands or ten-of-thousands" of residents have been impacted. ECF No. 32 at 10. Defendants dispute the size of the proposed class and challenge Plaintiffs' ability to satisfy the numerosity requirement. ECF Nos. 34 at 2; 36 at 16-17. Defendant Associated argues that it has only admitted to being "involved in at least 100 garnishments since its incorporation" over the past twenty years. *See* ECF Nos. 34 at 2; 24 at ¶ 8.16. The Wasson Defendants argue that the class consists of zero members because no applications were falsely certified or state language

contained as part of Plaintiffs' class definition. *See* ECF No. 36 at 16. The Wasson Defendants also argue that if based on Plaintiffs' proposed class definition, the class is overly broad because not all debtors have standing or cash exemption rights. *Id.* at 17. In addition, not all debtors had exempt property garnished, and some claims may be barred by the statute of limitations. *Id.*

The Court acknowledges that an extensive evidentiary showing is not required at this stage, but the Court must—*in the very least*—be able to formulate a reasonable judgment. *See Blackie,* 524 F.2d at 901, n.17 (stating that "[w]hile the court may not put the plaintiff to preliminary proof of his claim, it does require sufficient information to form a reasonable judgment."). Mere conjecture as to the number of members that fit within Plaintiffs' proposed class and subclass definition does not satisfy the Rule. *See* Fed. R. Civ. P. 23(a)(1).

Here, despite that the parties have had nearly six months to engage in discovery, Plaintiffs have offered nothing more than mere guesswork as to the estimated class size. Plaintiffs direct the Court to "the Declaration of Kirk D. Miller and all the documents filed in this action," but these materials add no factual support to the class action allegations. *See* ECF Nos. 32 at 7. Plaintiffs' belief that Defendants' allegedly unlawful practices have affected at least 100 Washington residents falls short of meeting the numerosity requirement because it is based on mere conjecture. C*ompare* ECF Nos. 14 at ¶ 8.16, *with* 23 at ¶ 8.16, 24 at ¶ 8.16;

*see also* 7A Fed. Prac. & Proc. Civ. § 1762 (3d ed. 1995).  Beyond their

speculative guess, Plaintiffs can only point to three individuals who would be class

members (i.e., the named class representatives).

At this time, however, Plaintiffs' estimate is insufficient to show that the

proposed class is so numerous that joinder of all members is impracticable and,

therefore, the numerosity requirement has not been met.  Plaintiffs may utilize

discovery to determine the number of potential class members.

### 2. *Commonality*

Rule 23(a)(2) requires that "there are questions of law or fact common to the

class."  Fed. R. Civ. P. 23(a)(2).  For purposes of this rule, "[c]ommonality exists

where class members' situations share a common issue of law or fact, and are

sufficiently parallel to insure a vigorous and full presentation of all claims for

relief."  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir.

2010) (internal quotation and citation omitted).  At its core, the commonality

requirement is designed to ensure that class-wide adjudication will "generate

common *answers* apt to drive the resolution of the litigation."  *Wal-Mart*, 564 U.S.

at 350 (emphasis in original) (internal quotation and citation omitted).  "This does

not, however, mean that *every* question of law or fact must be common to the class;

all that Rule 23(a)(2) requires is a single *significant* question of law or fact."

*Abdullah v. U.S. Sec. Assoc., Inc.,* 731 F.3d 952, 957 (9th Cir. 2013) (*emphasis in*

*original*) (quotation omitted).  "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

However, the fact that each class member's claim is grounded in an alleged violation of the same statute(s), standing alone, is insufficient to establish commonality.  *Wal-Mart*, 564 U.S. at 350.  In addition to being grounded in the same statute, the class claims "must depend upon a *common contention*[.]"  *Id.* (emphasis added).  "That common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.*  In other words, the "critical question" under Rule 23(a)(2) is whether the class members' claims will "stand or fall together."  *Conn. Ret. Plans and Trust Funds v. Amgen, Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011), *aff'd*, 568 U.S. 455 (2013).  Finally, courts must "consider merits questions at the class certification stage only to the extent they are relevant to whether Rule 23 requirements have been met."  *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) (citation omitted).

Here, Plaintiffs argue that the seminal issues are whether Defendants' practice of falsely claiming a reason to believe information about the exempt

nature of their assets, and misrepresenting cash exemption information, violates the FDCPA and WCPA. ECF No. 32 at 12. Plaintiffs contend that all potential class members were sent the same notice of exemption rights and subject to the same form writ application. *Id.* Plaintiffs explain that all claims stem from the same conduct by Defendants.

Defendant Associated argues that the use of state court forms cannot form the basis of class certification. ECF No. 34 at 5. The Wasson Defendants argue that Plaintiffs cannot show that all members have suffered the same injury, and the FDCPA and WCPA require different evidence for each class member. ECF No. 36 at 18. Defendants' arguments miss the mark.

The Rule 23(a)(2) analysis centers on whether Plaintiffs' claims and Defendants' defenses can yield a common answer that is "apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 351. Importantly, "[c]ommonality requires the plaintiff to demonstrate that class members 'have suffered the same injury[.]'" *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982)). Despite the Wasson Defendants' argument to the contrary, the class members here have all suffered the same injury—they allegedly received false, deceptive, and misleading statements from Defendants, in violation of the FDCPA, and were injured by the unlawful money garnishment or added fees and costs in violation of the FDCPA and the WCPA.

Plaintiffs' common contention among class members about Defendants' standardized affirmations concerning members' assets and exemption rights are both pivotal to this action and capable of classwide resolution "in one stroke." *Wal-Mart*, 564 U.S. at 350. Therefore, common questions of law and fact exist with regard to possible class members, and class members' claims will either "stand or fall together." *Amgen*, 660 F.3d at 1175. Moreover, the proposed class members need not "share every fact in common." *Rodriguez v. Hayes,* 591 F.3d 1105, 1122 (9th Cir. 2010). Plaintiffs have met the commonality requirement.

### 3. *Typicality*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement serves to ensure that "the interest of the named representative aligns with the interests of the class." *Wolin*, 617 F.3d at 1175. Factors relevant to the typicality inquiry include "whether other members have the same *or similar* injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (emphasis added). Stated differently, "[t]ypicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.*; *see also Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011), abrogated on

other grounds by *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013) ("The typicality requirement looks to whether the claims of the class representatives are typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."(brackets omitted)). The typicality requirement requires only that the class representatives' claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon,* 150 F.3d at 1020.

Here, the named class representatives' claims for making false or misleading misrepresentations about the judgment debtors' assets and exemption rights are typical of the claims of the class. Defendants argue that each class member's garnishment will be unique and each will have a different debt type, exemption right, income source, and funds. *See* ECF No. 36 at 19. The Court finds that the typicality requirement is met here because regardless of fact-specific minor differences, each class member will make similar legal argument about the same claims arising from the same course of events. *Stearns*, 655 F.3d at 1019. Moreover, the class representatives' claims need not be "substantially identical" to the proposed class members' claims. *Hanlon,* 150 F.3d at 1020. Accordingly, the named representatives' interests in pursuing these claims are properly aligned with

the interests of the class as a whole.  *See Wolin*, 617 F.3d at 1175.  The typicality

requirement is met.

### 4. *Adequacy of Representation*

The final prerequisite for class certification is that "the representative parties

will fairly and adequately protect the interests of the class."  Fed. R. Civ. P.

23(a)(4).  This requirement applies to both the named class representatives and to

their counsel.  "To determine whether named plaintiffs will adequately represent a

class, courts must resolve two questions: (1) do the named plaintiffs and their

counsel have any conflicts of interest with other class members[;] and (2) will the

named plaintiffs and their counsel prosecute the action vigorously on behalf of the

class?"  *Ellis*, 657 F.3d at 985 (internal quotations omitted).

Here, Plaintiffs request that the Court appoint attorney Kirk D. Miller to act

as class counsel.  ECF No. 32 at 14.  Plaintiffs also assert that the named class

representatives and counsel have no interests that are antagonistic to the interests

of the class.  *Id.* at 14-15.

The Wasson Defendants have raised two objections to the named class

representatives' ability to fairly and adequately represent the interests of the class.

First, Defendants assert that the named class representatives lack the standing.

Specifically, Defendants suggest that the named representatives have incurred no

real injury because either their non-exempt funds were properly garnished or they

claimed an exemption and the writ of garnishment was released. ECF No. 36 at 20. Defendants also argue that Plaintiffs' statements avowing a lack of conflicting interests and disavowing interests antagonistic to the interests of the class are insufficient. *Id.*

The Court finds the Wasson Defendants' standing arguments unsupported and unpersuasive. *See Tourgeman v. Collins Fin. Servs., Inc.,* 755 F.3d 1109, 1116 (9th Cir. 2014) (finding that an individuals' right not to be the target of misleading debt collection communications constitutes a cognizable injury under Article III); *see also Havens Realty Corp. v.* Coleman, 455 U.S. 363, 373-74 (1982) (finding that pecuniary injury is not necessary to find injury in fact). Moreover, the Court has no reason to believe that there is a conflict of interest between the named representatives and the other members of the proposed class, or that the named representatives will not prosecute this action vigorously. Unless the named representatives' interests undermine his or her incentive to vigorously prosecute the class-wide claims, no conflict arises. *See In re Pet Food Product Liab. Litig.,* 629 F.3d 333, 343-45 (3d Cir. 2010). There is simply no reason to believe that such a conflict will develop here.

Finally, although Defendants have not objected to counsel's qualifications to serve as class counsel, the Court finds that attorney Kirk D. Miller is competent to represent the entire class. It also appears that Mr. Miller has prior experience with

the collection and consumer protection laws applicable to the class claims.  *See* Fed. R. Civ. P. 23(g); ECF No. 33 at ¶¶ 7-18.  The adequacy of representation requirement is met.

## B. Rule 23(b)(3) Requirements

Although the Rule 23(a)(2) numerosity requirement is not met, the Court will proceed to examine whether certification is proper under Rule 23(b). Plaintiffs has sought certification of a so-called "damages class" pursuant to Rule 23(b)(3).  Before certifying such a class, a court must find that (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

### 1. *Do Common Questions of Law or Fact Predominate?*

As discussed above, the proposed class claims for Defendants' alleged false representations about the exempt nature of judgment debtor assets, and communications to putative class members about exemption rights, present common questions of law and fact.  For purposes of Rule 23(b)(3), the relevant inquiry is whether these common questions *predominate* over individualized questions.  *See Wolin*, 617 F.3d at 1172 ("While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common

questions predominate."). Although Rule 23(a)(2) and Rule 23(b)(3) both address commonality, "the 23(b)(3) test is 'far more demanding,' and asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)).

At the outset, the Court easily finds that questions common to the class members' claims predominate over any potential individualized questions. Rule 23(b)(3) refers to questions "common to class members" predominating over questions "affecting only individual members" of the class. Fed. R. Civ. P. 23(b)(3). This requires a comparison of common and individual questions arising from the claims being pursued on a class-wide basis. This interpretation is consistent with the purpose of Rule 23(b)(3), which is to determine whether class treatment of claims which satisfy Rule 23(a) is preferable to individualized adjudication. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001) ("Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy."). Here, there is little to no question that the class treatment of claims is preferable to individualized adjudication, but the Rule 23(a)(2) numerosity requirement is lacking which precludes class certification at this time. Notwithstanding, the Court finds that Plaintiffs have satisfied Rule 23(b)(3)'s predominance requirement.

## 2. *Is Class Adjudication Superior to Individual Actions?*

In considering whether class adjudication is superior to separate individual actions, a court must determine "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. In making this determination, the court must consider, *inter alia*, (1) the interests of individual class members in pursuing their claims separately; (2) the extent of any existing litigation concerning the same subject-matter; (3) the desirability of concentrating the litigation in a particular forum; and (4) the feasibility of managing the case as a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). A court's consideration of these factors must "focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser*, 253 F.3d at 1190 (quotation and citation omitted). In other words, the court must perform "a comparative evaluation of alternative mechanisms of dispute resolution." *Hanlon*, 150 F.3d at 1023.

In this case, a balancing of the Rule 23(b)(3) factors weighs strongly in favor of adjudication on a class-wide basis. First, it does not appear that members of the proposed class have a significant interest in litigating their claims separately and the nature of the proposed class members (i.e., debtors who have defaulted on unpaid consumer debt) both lend support to class certification. Furthermore,

because the value of each individual class member's claims for statutory damages is relatively small, the cost of pursuing these claims individually would likely exceed the value of any potential recovery. *See Zinser*, 253 F.3d at 1191 (noting that certification is generally proper when class members will be "unable to pursue their claims on an individual basis because the cost of doing so exceeds any recovery they might secure").

Moreover, there is no evidence that there exists any other pending litigation concerning the same subject-matter between Defendants and members of the proposed class. As a result, the interests of judicial economy favor proceeding on a class-wide basis. *See Zinser*, 253 F.3d at 1191 (observing that class-wide adjudication can promote judicial economy by "reducing the possibility of multiple lawsuits" when no other actions are currently pending). Similarly, it appears that the Eastern District of Washington is an appropriate and convenient forum, as all of the events giving rise to the class claims appear to have occurred within this district and no party has proffered arguments to the contrary.

Finally, there do not appear to be any impediments to managing this case as a class action. Given that the parties have not suggested any such impediments with respect to the class claims, the Court finds that these can be resolved most efficiently at the same time and in the same proceeding. The superiority factor is also met.

**CONCLUSION**

At this time, the Court finds that Plaintiffs' class certification motion does not satisfy the Rule 23(a)(1) numerosity requirement to conditionally certify the class. Accordingly, the Court denies Plaintiffs' motion without prejudice and will revisit the issue should Plaintiffs develop sufficient evidence to support the putative class size.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Class Certification (ECF No. 32) is **DENIED** with leave to renew**.**

2. The Clerk shall amend the docket to substitute Defendant's true name, Monica Wasson for Jane Doe Wasson.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** May 23, 2017.



THOMAS O. RICE
Chief United States District Judge