UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| MYRON HARGREAVES, CORTNEY HALVORSEN, BONNIE FREEMAN, and all others similarly situated, | NO: 2:16-CV-0103-TOR |
|---|---|
| Plaintiffs, | ORDER DENYING PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION |
| v. | |
| ASSOCIATED CREDIT SERVICES, INC., a Washington corporation, and PAUL J. WASSON AND MONICA WASSON, individually and the marital community, | |
| Defendants. | |

BEFORE THE COURT is Plaintiffs' Second Motion for Class Certification. ECF No. 47. The Court has reviewed the briefing, the record and files herein, and is fully informed. This matter was submitted for hearing without oral argument.

//

//

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION ~ 1

## BACKGROUND

On April 1, 2016, Plaintiff Myron Hargreaves filed a putative class action against Defendant Associated Credit Services, Inc. ("Associated") asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Washington Consumer Protection Act ("WCPA"), RCW § 19.86.010 *et seq.*; and the Washington Collection Agency Act ("WCAA"), RCW § 19.16.100. *See* ECF No. 1. On November 16, 2016, Plaintiff, along with Cortney Halvorsen and Bonnie Freeman (collectively, "Plaintiffs"), filed a First Amended Complaint adding Defendants Paul J. Wasson and Monica Wasson (collectively, the "Wasson Defendants"). ECF No. 14.

Generally, Plaintiffs allege that judgment creditor, Associated, and its attorney, Mr. Wasson, misrepresented information in writs of garnishment, which allowed them to unlawfully garnish Plaintiffs' exempt property in their bank accounts in violation of the FDCPA. ECF No. 14 at ¶ 7.18. Plaintiffs contend that Associated and Mr. Wasson's same conduct also violates the WCPA and the WCAA. *Id.* at 18.

The Court entered a scheduling order on November 18, 2016. ECF No. 16. Among other deadlines, Plaintiffs were required to file any motion for class certification no later than April 10, 2017. *Id.* at ¶ 2. On April 10, 2017, Plaintiffs moved to certify a class for all claims stemming from Defendants' alleged conduct in violation of the FDCPA and the WCPA by: (1) falsely asserting that judgment debtor

assets are not exempt; (2) unlawfully garnishing property and collecting fees based on falsely certified writ applications; (3) making false, deceptive, and misleading statements to consumers about exemption rights; and (4) unlawfully profiting to the detriment of putative class members. ECF No. 32 at 4.

The Court denied Plaintiffs' motion, but agreed to revisit the issue should Plaintiffs develop sufficient evidence to support the putative class size, ECF No. 42 at 23, while recognizing that the propriety of a class action sometimes cannot be determined without discovery, *id*. at 7–8. At that time, the Court reasoned that Plaintiffs' hunch that Defendants' allegedly unlawful practices have affected at least 100 Washington residents failed to satisfy the numerosity requirement, despite having nearly six months to conduct discovery.

Plaintiffs renew their class certification request and argue that the numerosity requirement is now satisfied. *See* ECF Nos. 47-48. The Wasson Defendants oppose Plaintiffs' renewed request and request oral argument;[1] Defendant Associated joins therein. *See* ECF Nos. 50, 51.

---

[1] Pursuant to Local Rule 7.1(h)(3)(B)(iii), the Court finds oral argument would not materially assist it in reaching a decision on Plaintiffs' renewed motion.

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION ~ 3

For purposes of the instant motion, the Court incorporates the facts and findings from its Order Denying Motion for Class Certification with Leave to Renew (ECF No. 42), except as supplemented below.

## DISCUSSION

### 1. Rule 23(a) Numerosity Requirement

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Whether joinder would be impracticable depends on the facts and circumstances of each case and does not, as a matter of law, require any specific minimum number of class members." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998). A class consisting of 40 or more members, however, is presumed to be sufficiently numerous. *In re Washington Mut. Mortgage-Backed Secs. Litig.*, 276 F.R.D. 658, 665 (W.D. Wash. 2011). Conversely, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980). However, mere conjecture as to the number of members who fit within a proposed class definition does not satisfy the Rule. *See* Fed. R. Civ. P. 23(a)(1).

The party seeking certification bears the burden of demonstrating that his or her claim satisfies Rule 23(a) and fits into one of the Rule 23(b) categories. *United Steel v. ConocoPhillips Co*., 593 F.3d 802, 807 (9th Cir. 2010). Finally, if a court

divides a class into subclasses, the court must find that the subclasses independently meet all Rule 23(a)'s requirements. *Newberg on Class Actions* § 3:16 (footnotes omitted) ("When a party or a court seeks to create subclasses, it is generally settled that each subclass must independently satisfy each of the Rule 23 criteria.").

Here, Plaintiffs initially moved to certify a class for two separate claims for statutory damages: (1) violation of the FDCPA; and (2) violation of the WCPA. ECF No. 32 at 4-5; 38 at 6-7. Plaintiffs now expand the proposed class definition to also include violations of the WCAA. *See* ECF No. 54 at 5, 14. Plaintiffs argue that the Rule 23(a)(1) numerosity factor is satisfied based on information gleaned from a public records request for all cases filed in Spokane County by Defendant Associated seeking a writ of garnishment between January 1, 2012 and May 26, 2017.[2] ECF No. 47 at 2. Plaintiffs represent that Defendant Associated filed 2,463 writs of garnishment in 1,299 lawsuits during that time period and each writ contained a "false" application. *Id.*; *see also* ECF Nos. 48; 49-1. Plaintiffs therefore argue that a joinder of more than 1,200 parties would not be practical and warrant class certification. ECF No. 47 at 2.

---

[2] This period, however, includes three months of irrelevant data, January 1, 2012 through March 31, 2012, which is outside the statute of limitations.

ORDER DENYING PLAINTIFFS' SECOND MOTION FOR CLASS CERTIFICATION ~ 5

The Wasson Defendants continue to dispute the size of the proposed class and argue that regardless of whether notices were included in the applications, there is no evidence that (1) any of the putative class members received notices; (2) the debt is consumer debt sufficient to sustain a FDCPA claim; (3) exempt funds were improperly garnished; (4) non-wages were garnished; or (5) that the putative members suffered actual damages to sustain a WCPA claim. ECF No. 50 at 5-9. In other words, simply because Associated filed 1,299 garnishment actions does not mean that any of the defendants in those actions fit within any of the proposed classes or subclasses.[3] Finally, they argue that Plaintiffs are not adequate representatives for the proposed WCPA class because none suffered actual damages—a requisite element of Plaintiffs' WCPA claim. ECF No. 50 at 12 n.3. Similarly, they argue that Plaintiffs Cortney Halvorsen and Bonnie Freeman cannot be representatives for the FDCPA class because their writ applications were signed outside of the applicable statute of limitation period. *Id.* at 8 n.2.

---

[3] Throughout their opposition, the Wasson Defendants intimate that the Court's May 23, 2017 Order, defined the proposed putative class. ECF No. at 50 at 8, 10. The Court's Order merely reiterated the class definition proposed by Plaintiffs in their briefing and during oral argument. *Id.* at 4-5.

In Plaintiffs' reply to the Wasson Defendants' opposition and not in their motion, Plaintiffs explain that their counsel has now performed an analysis of 40 garnishment files sampled from the public records filed between April 1, 2015 and April 1, 2016. ECF Nos. 49-1; 54 at 2; 55 at ¶¶ 3-4. Plaintiffs' counsel represents that none of the debtors in the sample size were businesses, all applications were in substantially the same form signed by Mr. Wasson, and of the 68 writs of garnishment contained in those files, seven (10%) were released for unknown reasons. ECF Nos. 54 at 2-3; 55 at ¶¶ 7-8, 10, 12. The analysis also shows that 16 (23.5%) were issued to banks and only 15 (23%) were reduced to garnishment judgments, which included additional fees and costs. ECF Nos. 54 at 2-3; 55 at ¶¶ 11, 13. Plaintiffs argue that even if the 40-person sample (which constitutes 3% of the 1,299 total size) constituted the entire class, numerosity is met. ECF No. 54 at 4.

The Court disagrees. During the last hearing the Court found Plaintiffs' 100-member estimate insufficient to enable the Court to make a reasoned determination because Plaintiffs failed to provide concrete evidence of a single prospective class member other than Plaintiffs. The Court has now considered Plaintiffs' proffered 1,299 writ application figure and 40-person sampling analysis and finds that by expanding the universe to include every garnishment action filed, Plaintiffs still have not overcome their deficient showing of numerosity in order to support class certification. Moreover, Plaintiffs are not "representative" of their proposed class

because their complaint only concerned collection of consumer debt by garnishment of bank accounts, not the universe of garnishment proceedings. They have no standing to assert more violations than those for which they were allegedly harmed.

### 2. Fair Debt Collection Practices Act

Plaintiffs seek to certify a class as they defined it at ECF No. 32 at 4–5, with appropriate statute of limitations language. ECF No. 47 at 2. The FDCPA contains a one year statute of limitations. *See* 15 U.S.C. § 1692k(d). Accordingly, Plaintiffs seek to certify a class from April 1, 2015 to present. Not until Plaintiffs' reply brief, after Defendants' responsive brief was filed, did Plaintiffs actually submit proposed class certification language that differs substantially from their motion. ECF No. 54.

With respect to the three newly-proposed FDCPA subclasses, see ECF No. 54 at 11-13, it is unclear how many individuals fall within each of the proposed subclasses. Equally troubling is that the proposed overarching FDCPA class is not limited to the allegations contained in the Amended Complaint, but rather encompass the universe of garnishment proceedings (wage and non-wage) for consumer debt during the relevant statute of limitations. However, Plaintiffs do not adequately represent every conceivable garnishment proceeding, only arguably bank account garnishments for consumer debt. Plaintiffs' sampling has shown 16 writs of garnishment issued to banks during this period. This number is insufficient for class certification.

Accordingly, the Court declines to certify a FDCPA class.

### 3. Washington Consumer Protection Act

Plaintiffs again seek to certify a WCPA class as they defined it at ECF No. 32 at 4–5, with appropriate statute of limitations language. ECF No. 47 at 2. The WCPA contains a four year statute of limitations. *See* RCW 19.86.120. Accordingly, Plaintiffs seek to certify a class from April 1, 2012 to present. Again, not until Plaintiffs' reply brief, after Defendants' responsive brief was filed, did Plaintiffs actually submit proposed class certification language that differs substantially from their motion. ECF No. 54 at 13–14.

It is undisputed that Washington law requires a claimant to have suffered actual damage to pursue a cause of action under the WCPA. RCW 19.86.090. According to Plaintiffs, any putative member who had fees or costs added to their garnishment judgment are included in the WCPA damages class. ECF No. 54 at 11.

With respect to the newly-proposed WCPA class and the two WCPA subclasses, Plaintiffs have not shown any number of class members beyond a mere inference. Pointing to their submission that there were 1,299 lawsuits seeking garnishment, Plaintiffs contend "it is beyond doubt that the class is sufficiently numerous to merit certification." ECF No. 54 at 5. But their submission does not address actual damages, which are necessary to support a WCPA claim. Indeed, Plaintiffs' argument is just an inference, which is insufficient for this Court to find

numerosity to support a class certification. See ECF No. 54 at 5 (". . . every inference points to a class size of at least one thousand (1000) in Spokane County alone."

Because the Court cannot ascertain putative class members who fit within the proposed class and subclasses, the Court declines to certify a WCPA class action.

The Wasson Defendants also argue that none of the three named Plaintiffs qualify to be adequate representatives for the WCPA class because they did not suffer actual damages. ECF No. 50 at 12 n.2. In contrast, Plaintiffs aver that each "incurred actual damages because of Defendants' actions." ECF No. 14 at ¶ 7.19. Because Plaintiffs have failed to demonstrate numerosity sufficient for class certification, this insufficiently briefed factual dispute need not be resolved at this time.

**4. Washington Collection Agency Act**

For the first time, Plaintiffs propose certifying a class for their WCAA claim. ECF No. 54 at 14. However, Plaintiffs never proposed this claim in their initial motion for class certification and, therefore, have not established the Fed. R. Civ. P. 23 requirements for class certification as to this claim. *See id*; ECF No. 32. Moreover, because Defendants have not had an opportunity to address this claim because it was raised for the first time in Plaintiffs' reply brief, the Court declines to consider class certification for this claim. *See Zamani v. Carnes*, 491 F.3d 990, 997

(9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Class certification of Plaintiffs' WCAA claim is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Second Motion for Class Certification (ECF No. 47) is **DENIED.**

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** October 11, 2017.

THOMAS O. RICE
Chief United States District Judge