UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MYRON HARGREAVES, CORTNEY HALVORSEN, and BONNIE FREEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED CREDIT SERVICE, INC., a Washington Corporation, and PAUL J. WASSON AND MONICA WASSON, individually and the marital community,<br><br>Defendants. | NO. 2:16-CV-0103-TOR<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion to Dismiss for Failure to State a Claim or Alternatively Motion for Partial Summary Judgment. ECF No. 56. This matter was heard with oral argument on October 19, 2017. The Court has reviewed the motion, the record and files herein, and is fully informed. For the

reasons discussed below, Defendants' Motion for Partial Summary Judgment (ECF No. 56) is **GRANTED**.[1]

## BACKGROUND

This case concerns a claim against Defendant Associated Credit Services, Inc. (Associated), a Washington debt collection agency. ECF No. 56 at 3. On April 1, 2016, Plaintiff Myron Hargreaves filed a putative class action, asserting violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; the Washington Consumer Protection Act (WCPA), RCW § 19.86.010 *et seq.*; and the Washington Collection Agency Act (WCAA), RCW § 19.16.100. *See* ECF No. 1. On November 16, 2016, Plaintiff Hargreaves, along with Cortney Halvorsen and Bonnie Freeman, filed a First Amended Complaint adding Defendants Paul J. Wasson and Monica Wasson (Wasson Defendants). ECF No. 14.

In the instant motion, Defendants[2] seek an order dismissing Plaintiffs' "reason to believe claims," which refer to Defendants allegedly, falsely certifying

---

[1] The Court need not address Defendants' Motion to Dismiss, as the Court grants Defendants' Motion for Partial Summary Judgment.

[2] Wasson Defendants filed this Motion, which Associated later joined. ECF No. 61.

ORDER ON DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

that they had reason to believe the assets they were attempting to garnish were not exempt. ECF Nos. 56 at 2; 14 at ¶ 7.13. Alternatively, Defendants request partial summary judgment for failure to state a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6) and that there are no disputed questions of fact that preclude a finding that Mr. Wasson lawfully executed each application for writ of garnishment. ECF No. 56 at 2. For the reasons discussed below, the Court grants Defendants' Motion for Partial Summary Judgment as there are no disputed material questions of fact.

## FACTS

Plaintiffs allege that judgment creditor, Associated, and its attorney, Mr. Wasson, misrepresented information in writs of garnishment, which allowed them to unlawfully garnish Plaintiffs' exempt property in violation of the FDCPA. ECF No. 14 at ¶ 7.13. Plaintiffs contend that Associated and Mr. Wasson's conduct also violates the WCPA and the WCAA. *Id.* at 18.

All available funds were garnished from Plaintiffs' respective bank accounts to repay consumer debts, pursuant to a writ of garnishment filed by Defendant Associated. ECF No. 14 at ¶¶ 4–6. Mr. Wasson executed declarations on behalf of Associated in support of each writ application and asserted that Associated had "reason to believe" that Plaintiffs' property "was not exempt under Washington or federal law." *Id.* at ¶ 1. Plaintiffs contend that Mr. Wasson is the equivalent of a

ORDER ON DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVE
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

"robo-signer" who signs numerous writ applications without any reason to believe the veracity of the statements he makes. *Id.* at ¶¶ 4.27, 7.9, 7.11. Defendants allegedly sent notices of exemption rights to Plaintiffs post-garnishment that contained materially false and misleading information concerning Plaintiffs' respective cash exemption rights.[3] *Id.* at ¶¶ 4.30, 5.12, 6.19–6.20. After Plaintiffs Cortney Halvorsen and Bonnie Freeman confronted Defendants in response to the erroneous exemption claim notice, Defendants released their respective writs of garnishment and paid back some or all of the garnished money. *Id.* at ¶¶ 5.14, 6.22.

A recitation of Washington State's garnishment law and procedures is necessary to understand the intricacies of this case. The Washington Legislature declared its intent with respect to garnishment:

> The legislature recognizes that a garnishee has no responsibility for the situation leading to the garnishment of a debtor's wages, funds, or other property, but that the garnishment process is necessary for the enforcement of obligations debtors otherwise fail to honor, and that garnishment procedures benefit the state and the business community as creditors. The state should take whatever measures that are reasonably necessary to reduce or offset the administrative burden on

---

[3] This conduct of allegedly sending false and misleading information concerning Plaintiffs' exemption rights is not before the Court on this motion for partial summary judgment.

>the garnishee consistent with the goal of effectively enforcing the debtor's unpaid obligations.

RCW 6.27.005. Judgment creditors who have judgments that are wholly or partially unsatisfied are entitled to seek writs of garnishment. *See* RCW 6.27.020. Application for a writ of garnishment must be by affidavit stating, inter alia, that a judgment is unsatisfied, the amount due, and that "plaintiff has reason to believe, and does believe that the garnishee, . . . is indebted to the defendant in amounts exceeding those exempted from garnishment by any state or federal law. . ." RCW 6.27.060 (quoting third necessary fact). In the context of the garnishment statutes and this case, plaintiff is the creditor, defendant is the debtor and the garnishee is the bank holding funds belonging to the defendant. Upon proper application, the clerk of the court issues a writ of garnishment to the judgment creditor for service upon the garnishee. *See* RCW 6.27.070.

The writ of garnishment shall set forth the amount that the garnishee is required to hold pending the garnishment proceeding. *See* RCW 6.27.090. This amount is determined by adding together the amounts specifically allowed by statute, which includes the amount of the unsatisfied judgment, interest, attorney fees and taxable costs. *Id*. Nowhere does the statute require the creditor or the Court to deduct any anticipated exempt property that *may* later be claimed.

After service of the writ and notice, a defendant debtor "*may* claim exemptions from garnishment in the manner specified by the statute that creates the exemption. . ." RCW 6.27.160(1) (emphasis added). A creditor *may* object to the claimed exemption, in which case the court must hold a hearing where the debtor "bears the burden of proving any claimed exemption". RCW 6.27.160(2). The creditor is then entitled to a judgment against the garnishee for any amount exceeding the proven exemption, or if no exemption is claimed, the amount the garnishee holds up to the amount due on the unsatisfied debt, including interest, attorney fees and costs. *See* RCW 6.27.250(1). These are the relevant provisions of state garnishment law that impact the resolution of this case.

## DISCUSSION

### A. Partial Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

The moving party bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). There must be evidence on which a jury could reasonably find for the plaintiff and a "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Id.* at 252. Additionally, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A material fact is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.*

**1. FDCPA**

Defendants move for summary judgment to dismiss Plaintiffs' "reason to believe" claims under the FDCPA. ECF No. 56 at 11. The parties dispute the interpretation of the "reason to believe" requirement of RCW 6.27.060. ECF No. 79 at 8. The interpretation of a statute is a question of law. *See Miranda v. Anchonda*, 684 F.3d 844, 849 (9th Cir. 2012). Plaintiffs concede in oral argument that this issue is a legal question that must be decided by the Court.

At oral argument, both parties admit that there is no relevant case law defining "reason to believe." Plaintiffs contend the Defendants must have "reason to believe" that a bank account contains more than $500, an amount allowed to be

exempted by RCW 6.15.010 and know the nature or source of those funds. Plaintiffs argue the unfairness of allowing the garnishment to freeze the first $500 (which may be claimed exempt) and the length of time it takes to resolve the exemption claim.

Defendants argue there is "no legal requirement to have complete certainty regarding what is in the debtor's bank account prior to garnishment and it is the debtor's obligation to assert exemptions after service of a writ." *Id.* Defendants emphasize that a "creditor must have some grounds, cause or basis that leads them to think or suppose that the bank account contains some non-exempt funds." ECF No. 56 at 13 (quotation omitted). At oral argument, Plaintiffs contended that the standard is greater than knowing that a debtor might have a job and a bank account.

The Court finds that Defendants satisfied the "reason to believe" standard through their sworn testimony. ECF Nos. 58, 59. The Court determines that it is sufficient for Defendants to find that a debtor is employed and has a bank account, or has a bank account and does not know or have reason to believe that that the debtor's account is only comprised of Social Security benefits or some other totally exempt source. Under various privacy laws like the Gramm-Leach-Bliley Financial Modernization Act, 15 U.S.C. § 6801, et seq., financial institutions must respect the privacy of their customers' nonpublic personal information.

Accordingly, Defendants cannot access the debtor's account balances before issuing the writ of garnishment, and the negligible "reason to believe" standard accommodates this limitation. It is then sufficient for Defendants to believe Plaintiffs had funds in their bank accounts exceeding those exempt from garnishment without requiring more specificity as to the exact amount or nature of those funds. Accordingly, the Court finds that Defendants meet the "reason to believe" standard.

The Court observes that the first $500 in every bank account is not exempt from garnishment, but rather *may* later be claimed to be exempt by the debtor. Indeed, a debtor may claim up to $3,000 in exempt personal property, of which not more than $1,500 may be exempt cash, and of which not more than $500 may be exempt value in a bank account, savings and loan accounts, stocks, bonds, or other securities, regardless of the number of existing accounts. *See* RCW 6.15.010.

Plaintiffs concede at oral argument that once the Court decides the legal question there are no genuine issues of material fact left. Plaintiffs assert that the Court can then determine whether or not Defendants' "reason to believe" was adequate. Plaintiffs offer no additional facts that would call into question Mr. Solberg's or Mr. Wasson's affidavits in any material matter. Accordingly, on these undisputed facts, the Court finds that Defendants' "reason to believe" was

adequate and there are no genuine issues of material fact remaining. The Court grants Defendants' Motion for Partial Summary Judgment.[4]

**2. WCAA**

Defendants argue that the WCAA does not create a private cause of action and so Plaintiffs' WCAA claim should be dismissed. ECF No. 56 at 18. "The remedy for a violation of the WCAA is through the WCPA." *Gray v. Suttel & Associates, P.S.*, No. 2:09-CV-251-RMP, 2016 WL 409706, at *4 (E.D. Wash. Feb. 2, 2016) (citation omitted). The Supreme Court of Washington determined that "[w]hen a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA … under state and federal law." *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27, 53 (2009). The Eastern District of Washington concluded that an individual cannot assert a private cause of action under the WCAA, but that the attorney general or the local prosecuting attorney may bring the action. *Gray*, 2016 WL 409706, at *4. At oral argument, Plaintiffs agreed that the WCAA is not an independent cause of action and Plaintiffs did not object to having it dismissed as an independent cause of action. Accordingly, the Court grants Defendants' Motion for Summary Judgment on the WCAA claim.

---

[4] The FDCPA statutory damages claim is not disputed in this Motion and remains.

### 3. WCPA

Defendants contend that Plaintiffs' "reason to believe" claims brought under the WCPA fail because Plaintiffs did not make a sufficient showing of unfair or deceptive acts and actual injury. ECF No. 56 at 18–19. At oral argument, Plaintiffs stated that their WCPA cause of action is only based on their contention that Defendants did not have sufficient "reason to believe." Plaintiffs admit that if the Court rules on the "reason to believe" standard in favor of Defendants, then the WCPA action should also be dismissed. Since the Court has found that Defendants had adequate "reason to believe," the WCPA claim is also dismissed. Therefore, the Court grants Defendants' Motion for Partial Summary Judgment in regards to the WCPA claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss for Failure to State a Claim or Alternatively Motion for Partial Summary Judgment (ECF No. 56) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 20, 2017.



THOMAS O. RICE
Chief United States District Judge