UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MYRON HARGREAVES, CORTNEY HALVORSEN, BONNIE FREEMAN, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED CREDIT SERVICES, INC., a Washington corporation, and PAUL J. WASSON AND MONICA WASSON, individually and the marital community,<br><br>Defendants. | NO: 2:16-CV-0103-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND CERTIFICATION OF INTERLOCUTORY APPEAL |

BEFORE THE COURT are Plaintiffs' Motion for Reconsideration and Alternatively, Certification of an Interlocutory Appeal, Motion to Continue Deadline for Filing Motion for Summary Judgment and Motion to Expedite each of these motions. ECF Nos. 86, 87, 88. The Court has reviewed the briefing, the record and files herein, and is fully informed. While these matters were noted for hearing without oral argument on October 25, 2017, in accordance with the Court's Jury Trial

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND CERTIFICATION OF INTERLOCUTORY APPEAL ~ 1

Scheduling Order, ECF No. 16 at 7, and the Local Rules, the Court resolves these matters without inviting a response from Defendants.

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs seek reconsideration of the Court's denial of class certification arguing that the Court's ruling on lack of numerosity is really a denial based on ascertainability, which is not a requirement for class certification. ECF No. 86 at 7. Indeed, Plaintiffs contend that "all necessary information can be readily determined by reference to documents in the court files already identified – specifically, the writs of garnishment, answers to writ, judgments on answer, and satisfactions." *Id*. at 8.

By simply identifying the universe of potential class members to include every garnishment action filed by Defendants within the statute of limitations, Plaintiffs have not established numerosity in order to support class certification. By simply saying that the answer to the question of how many class members there are lies within the state court records, does not satisfy this Court's obligation to conduct a "rigorous analysis" that the prerequisites of Rule 23(a) have been satisfied. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule–that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id*. at 350 (emphasis in original).

Moreover, Plaintiffs are not "representative" of their proposed classes because their complaint only concerned collection of consumer debt by garnishment of bank accounts, not the universe of garnishment proceedings. They have no standing to assert more violations than those for which they were allegedly harmed. "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 348–49 (citations and internal quotation omitted).

To the extent class certification is committed to the discretion of the Court, the Court declines to certify under these circumstances. Moreover, the Court has now granted Defendants' partial summary judgment, further making this case ineligible and impracticable for class certification. Plaintiffs' Motion to Reconsider is denied.

## MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Alternatively, Plaintiffs seek certification for interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiffs are mistaken. Federal Rule of Civil Procedure 23(f) allows a litigant to seek an interlocutory appeal in the court of appeals. This Court has no role in granting permission for an appeal. *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170 (9th Cir. 2017). The Court declines to bypass the Supreme Court's rule that was the "product of careful calibration." *Microsoft Corp. v. Baker*, 137 S.Ct. 1702, 1709 (2017). Plaintiffs' motion for certification of interlocutory appeal is denied.

## MOTION TO CONTINUE DEADLINE FOR SUMMARY JUDGMENT

Plaintiffs seek an extension of the deadline to submit dispositive motions, reasoning "[n]ow that the Court has denied the Plaintiffs' motion for class certification, summary judgment is appropriate and will likely dispose of the remaining issues in the case." ECF No. 87 at 2. Moreover, the Court has resolved Defendants' partial summary judgment motion, drastically changing the complexion of this case. For good cause shown, Plaintiffs' motion is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Expedite (ECF No. 88) is **GRANTED**.

2. Plaintiffs' Motion for Reconsideration and Alternatively, Certification of an Interlocutory Appeal (ECF No. 86) is **DENIED**.

3. Plaintiffs' Motion to Continue Deadline for Filing Motion for Summary Judgment (ECF No. 87) is **GRANTED**. **The parties are allowed until November 1, 2017 to file any remaining dispositive motions.**

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** October 20, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND CERTIFICATION OF INTERLOCUTORY APPEAL ~ 4