UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| CORTNEY HALVORSEN, | NO. 2:16-CV-0103-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| ASSOCIATED CREDIT SERVICE, INC., a Washington Corporation, and PAUL J. WASSON AND MONICA WASSON, individually and the marital community, | |
| Defendants. | |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment. ECF No. 101. This matter was submitted for consideration without oral argument pursuant to LR 7.1(h)(3)(B)(iv). The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 101) is **DENIED**.

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

This case concerns a claim against Defendant Associated Credit Services, Inc. (Associated), a Washington debt collection agency. ECF No. 102 at ¶¶ 1–5. On April 1, 2016, Plaintiff Myron Hargreaves filed a putative class action, asserting violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; the Washington Consumer Protection Act (WCPA), RCW § 19.86.010 *et seq.*; and the Washington Collection Agency Act (WCAA), RCW § 19.16.100. *See* ECF No. 1. On November 16, 2016, Plaintiff Hargreaves, along with Cortney Halvorsen, and Bonnie Freeman, filed a First Amended Complaint adding Defendants Paul J. Wasson and Monica Wasson (Wasson Defendants). ECF No. 14. The Court twice denied class certification. ECF Nos. 42; 83.

On August 30, 2017, Defendants sought an order dismissing Plaintiffs' "reason to believe claims," which refer to Defendants allegedly, falsely certifying that they had reason to believe the assets they were attempting to garnish were not exempt. ECF Nos. 56 at 2; 14 at ¶ 7.13. Alternatively, Defendants requested partial summary judgment for failure to state a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6). ECF No. 56 at 2. On October 20, 2017, the Court granted Defendants' Motion and dismissed Plaintiffs' FDCPA claims regarding the adequacy of Defendants' "reason to believe." The Court also dismissed Plaintiffs' WCAA and WCPA claims. ECF No. 90.

The remaining FDCPA claim alleges that judgement creditor Associated, and its attorney, Mr. Wasson, sent false and misleading information in the Notice of Garnishment and Your Rights form regarding the amount of Plaintiffs' entitled cash exemption. ECF No. 101 at 2. Defendants filed a Motion for Summary Judgment, which they then withdrew after settling with Plaintiffs Myron Hargreaves and Bonnie Freeman. ECF Nos. 92; 114; 115; 116. Plaintiffs' Motion for Summary Judgment is then only still applicable to the remaining Plaintiff Cortney Halverson. ECF No. 101. Plaintiff requests the Court finds Mr. Wasson violated the FDCPA, with the amount of damages to be determined at trial. *Id.* at 10. Wasson Defendants assert that Mr. Wasson lacks legal responsibility for sending the form and Associated joins in their response. ECF Nos. 106 at 10; 111.

**DISCUSSION**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

The moving party bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). There must be evidence on which a jury could reasonably find for the plaintiff and a "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Id.* at 252. Additionally, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A material fact is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.*

Here, Plaintiff requests that the Court enter an order against Mr. Wasson finding that he violated the FDCPA by sending the Notice of Garnishment and Your Rights form, stating that Plaintiff was only entitled to $200 when Washington law allows her to claim up to $500 cash exemption. ECF No. 101 at 2, 4. Wasson Defendants agree that Plaintiff is a consumer, Plaintiff had debts as defined by the FDCPA, and that Mr. Wasson is a "debt collector" as defined by the FDCPA. ECF Nos. 106 at 5; *see also* 101 at 4–9. The Court then need only address the issue of whether Mr. Wasson is liable under the FDCPA for making a "false, deceptive or misleading representation" or otherwise engaging in unfair practices. ECF Nos. 106 at 5; 101 at 9; 15 U.S.C. § 1962e; 15 U.S.C. § 1962f.

Defendants argue that Mr. Wasson is not a "judgment creditor" and thus is not obligated under RCW 6.27.130(1) to mail the Notice of Garnishment and Your Rights form. ECF No. 106 at 6. The statutes reads that "the judgment creditor shall mail or cause to be mailed to the judgment debtor …." RCW 6.27.130(1). Plaintiff concedes that "the law does not require Mr. Wasson to send the notice," but argues that Mr. Wasson admits his office is responsible for mailing the notices. ECF Nos. 112 at 1–2; 103-1 at 3. Plaintiff asserts that Mr. Wasson was acting as an agent and is thus still liable. ECF No. 112 at 2.

The Ninth Circuit has recognized vicarious liability under the FDCPA. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006). Yet, the Ninth Circuit found that "there is no legal authority for the proposition that an attorney is generally liable for the actions of his client." *Id.* General principles of agency form the basis of vicarious liability under the FDCPA. *Id.* Here, Plaintiff merely asserts that Mr. Wasson was acting as an agent of Associated by sending the forms. ECF No. 112 at 2. Yet, beyond this mere assertion, Plaintiff fails to state any of the principles of agency and how they apply to this situation. Simply because Mr. Wasson is the attorney for Associated does not mean he is generally liable for Associated's actions. Similar to *Clark*, Plaintiff fails to offer evidence upon which a reasonable trier of fact could conclude that Mr. Wasson can be held liable for the actions of Associated when Associated

merely caused the forms to be mailed through Mr. Wasson's legal assistant. *See Clark*, 460 F.3d at 1173; *see also* RCW 6.27.130(1). The Court declines to hold Mr. Wasson liable under these facts when his role is more comparable to a mail room employee than an agent of Associated.

The Court need not address Plaintiff's remaining argument regarding Mr. Wasson's affirmative defense of bona fide error. *See* ECF Nos. 106, 112. Accordingly, the Court concludes that Mr. Wasson cannot be held liable under the FDCPA under an agency theory and denies Plaintiff's Motion for Summary Judgment. ECF No. 101.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 101) is **DENIED**.
2. The hearing on this motion currently scheduled for January 18, 2018 at 2:00 p.m. is **stricken** as moot.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 11, 2018.



THOMAS O. RICE
Chief United States District Judge