UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORTNEY HALVORSEN,<br><br>     Plaintiff,<br><br> v.<br><br>ASSOCIATED CREDIT SERVICE,<br>INC., a Washington Corporation, and<br>PAUL J. WASSON AND MONICA<br>WASSON, individually and the<br>marital community,<br><br>     Defendants. | NO. 2:16-CV-0103-TOR<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration. ECF No. 129. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision

if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks and citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes & Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). Reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised in opposition to summary judgment." *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

Moreover, as cautioned in this Court's November 18, 2016 Scheduling Order, "Motions to Reconsider are disfavored" and "must show manifest error in the prior ruling or reveal new facts or legal authority which could not have been brought to the Court's attention earlier." ECF No. 16 at 7. No response need be filed unless requested by the Court and no reconsideration will be granted without such a request. *Id.*

The Court finds that reconsideration is not warranted. Plaintiff fails to show more than disagreement with the Court's decision. While Plaintiff argues that an offer of judgment is materially different than an offer of settlement, Plaintiff's cited case law does not support this contention. *Berkla v. Corel Corp.*, 302 F.3d 909, 921–22 (9th Cir. 2002) (stating that a plaintiff's failure to accept a settlement

offer that turns out to be less than the amount recovered at trial is not a legitimate basis for denying an award of costs when the offer did not comply with Rule 68 offer of judgment).  The Court's statement that Defendants withdrew their Motion for Summary Judgment after settling with Plaintiffs Hargreaves and Freeman does not establish clear error or show that the denial of summary judgment was manifestly unjust.  *See* ECF No. 128 at 3.  As background information only, these statements were irrelevant to resolution of the motion.

Plaintiff now raises the argument that her Motion for Summary Judgment applied to all Defendants, but she failed to seek summary judgment against anyone other than Defendant Wasson and did not clarify this issue in her reply.  Plaintiff's Motion for Summary Judgment clearly concluded with only the following request:

> "Based on the previously stated per se violations of the FDCPA, this Court should enter an order against Defendant Wasson finding that he violated the FDCPA. The amount of damages caused by Defendant Wasson's illegal behavior should be reserved for trial."

ECF No. 101 at 10.  Moreover, Defendants stated in their response that Plaintiff's motion appeared to only seek summary judgment regarding Mr. Wasson.  ECF No. 106 at 2.  Plaintiff did not specify in her reply that the motion applied to all Defendants and focused her arguments on Mr. Wasson.  *See* ECF No. 112.

Plaintiff also argues that the Court misapplied *Clark v. Capital Credit*, but merely rehashes the same arguments.  *See* ECF No. 129 at 3–4.

Plaintiff fails to show manifest error, present new facts or law, or otherwise demonstrate any reason that justifies reconsideration. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 129) is **DENIED** and this Court's previous order stands.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 129) is **DENIED**.

The hearing on the motion set for January 24, 2018 is **STRICKEN** as moot.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 18, 2018.



THOMAS O. RICE
Chief United States District Judge